# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH QUIROGA CARRERO, *on behalf of herself and all other similarly situated non-exempt former and current employees*,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE MANAGEMENT COMPANY LLC, et al.,<br><br>Defendants. | Case No. 1:24-cv-01077-JLT-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL<br><br>(ECF Nos. 35, 36) |

On January 22, 2025, the parties filed a notice of settlement of this action. (ECF No. 33.) On January 23, 2025, the Court issued an order setting the deadline to file dispositional documents within sixty days. (ECF No. 34.) Because the parties failed to file such documents or otherwise request an extension of time from the Court by the deadline, the Court issued an order to show cause why sanctions should not issue on March 25, 2025. (ECF No. 35.)

On March 31, 2025, the parties filed a joint declaration responding to the order to show cause (ECF No. 36-2), along with a stipulation of dismissal (ECF No. 36). Satisfied with the response from the parties, the Court will discharge the order to show cause.

Rule 41(a)(1)(A)(ii) "provides for dismissal by filing a stipulation of dismissal signed by all parties who have appeared in the action." Kokkonen v. Guardian Life Ins. Co. of Am., 511

1

U.S. 375, 378 (1994); Kelly v. Wengler, 822 F.3d 1085, 1095 (9th Cir. 2016)). While Plaintiff has brought this case as a putative class action, the Court agrees with the parties that Rule 41(a) applies in the disposition of this matter and not Rule 23(e) because no class has been certified and the matter is being dismissed without prejudice. Frias v. G4S Secure Sols. (USA) Inc., No. 1:20-cv-00403-AWI-SAB, 2021 WL 2894453, at *1 (E.D. Cal. July 9, 2021) ("On December 1, 2003, Rule 23(e) was amended to allow the 'parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified.'"); see also Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012).[1]

In light of the stipulation of the parties, this action has been terminated and has been dismissed without prejudice as to all claims and causes of action, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), with each party bearing that party's own attorney's fees and costs.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 25, 2025 order requiring the parties to show cause (ECF No. 35) is DISCHARGED; and

///

///

///

---

[1] Courts continue to have differing views on this issue because the Ninth Circuit has not yet reconciled its 1989 precedent, Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401 (9th Cir. 1989), with the 2003 amendment to Rule 23. See, e.g., Pineda v. Sun Valley Packing, L.P., No. 1:20-cv-00169-ADA-EPG, 2023 WL 2793879, at *1 (E.D. Cal. Apr. 5, 2023) ("Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred."); Gutierrez v. J.M. Distrib., Inc., No. SA CV 20-00617-DOC-JEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); Albers v. Yarbrough World Sols., LLC, No. 5:19-cv-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("[C]ourts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments . . . [b]ut our decisions have 'generally assumed that it does' apply . . . and this Court will follow Diaz to evaluate the proposed settlement and dismissal here."). However, this Court maintains its previous view and agreement with other courts that the 2003 amendment changed Rule 23(e) rendering Diaz inapplicable. See Frias, 2021 WL 2894453, at *1; Hall v. W. Ref. Retail, LLC, No. 5:19-cv-00855VAP-SKx, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021) ("Although some courts in this circuit have continued to apply Diaz, others have declined to do so in light of the amendments to Rule 23 . . . [and] [t]he Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23.").

2

2. The Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: __April 2, 2025__

_____
STANLEY A. BOONE
United States Magistrate Judge

3